

LAW OFFICES OF
ROBERT L. KRASELNIK, PLLC
Robert L. Kraselnik (RK 0684)
271 Madison Avenue, Suite 1403
New York, NY 10016
Tel.: 212-576-1857
Fax: 212-576-1888
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

WILFREDO SERRANO and JOSE DIAZ on behalf of themselves and others similarly situated,

        Plaintiffs,

        v.

I. HARDWARE DISTRIBUTORS, INC.
d/b/a NUNEZ HARDWARE, JUVENAL NUNEZ and IRMA NUNEZ,

        Defendants.

---

Case No.:

**COMPLAINT**

**Jury Trial Demanded**

        Plaintiffs, WILFREDO SERRANO and JOSE DIAZ (hereinafter, "Plaintiffs"), on behalf of themselves and others similarly situated, by and through their undersigned attorneys, hereby files this class and collective action Complaint against Defendants, I. HARDWARE DISTRIBUTORS INC. d/b/a NUNEZ HARDWARE, JUVENAL NUNEZ and IRMA NUNEZ (each individually, "Defendant" or, collectively, "Defendants"), and state as follows:

1

## INTRODUCTION

1. Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that they are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid minimum wages, (3) liquidated damages and (4) attorneys' fees and costs.

2. Plaintiffs further allege that, pursuant to the New York Labor Law, they are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid minimum wages, (3) unpaid spread of hours premium, (4) liquidated damages and statutory penalties and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

6. Plaintiff, WILFREDO SERRANO, is a resident of New York County.

7. Plaintiff, JOSE DIAZ, is a resident of New York County.

8. Upon information and belief, Defendant, I. HARDWARE DISTRIBUTORS, INC. d/b/a NUNEZ HARDWARE is a corporation organized under the laws of the State of New York, with a principal place of business and address for service of process both located at 4145 Broadway, New York, NY 10033.

9. Upon information and belief, Defendant, JUVENAL NUNEZ, is a principal of Defendant, I. HARDWARE DISTRIBUTORS, INC d/b/a NUNEZ HARDWARE.

15. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned minimum wages in direct contravention of the FLSA and the New York Labor Law.

16. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned spread of hours premium in direct contravention of the New York Labor Law.

17. Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

18. In or about September of 1999, Plaintiff, WILFREDO SERRANO, was hired by Defendants to work as a stock person and cashier for Defendants' "Nunez Hardware", a hardware store located at 4147 Broadway, New York, NY 10033. Plaintiff WILFREDO SERRANO also worked at Defendants' 756 West 181st Street, New York, NY 10033 and 2800 3rd Avenue, Bronx, NY 10455 locations.

19. Plaintiff worked for Defendants until on or about July 27, 2013.

20. During the employment of Plaintiff, WILFREDO SERRANO, by Defendants, he worked over forty (40) hours per week. During WILFREDO SERRANO'S employment by Defendants, he often worked over ten (10) hours per day.

21. Plaintiff WILFREDO SERRANO worked 6 days a week and for an average of 62 hours per week. Throughout Plaintiff's tenure with Defendants he was paid at a fixed weekly salary of $290. Plaintiff was not paid the proper minimum wage nor his overtime rate of time and one-half for any hours worked past 40 in a workweek.

22. In or about 2005, Plaintiff, JOSE DIAZ, was hired by Defendants to work as a stock person and cashier for Defendants' "Nunez Hardware", a hardware store located at 1267 St. Nicholas Avenue, New York, NY 10033. Plaintiff JOSE DIAZ also worked at Defendants' 756 West 181st Street, New York, NY 10033 location.

23. Plaintiff worked for Defendants until on or about January 1, 2014.

24. During the employment of Plaintiff, JOSE DIAZ, by Defendants, he worked over forty (40) hours per week. During JOSE DIAZ'S employment by Defendants, he often worked over ten (10) hours per day.

25. Plaintiff JOSE DIAZ worked 6 days a week and for an average of 60 hours per week. JOSE DIAZ at the start of his employment by Defendants received a fixed weekly salary of $350. His weekly salary gradually increased throughout his employment by Defendants, culminating in a fixed weekly salary of $450. Plaintiff was not paid at the overtime rate of time and one-half for any hours worked past 40 in a workweek.

26. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to the Plaintiffs and other similarly situated employees.

27. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiffs.

28. Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiffs.

29. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiffs and other similarly situated employees, in violation of the New York Labor Law. In fact, Plaintiffs did not receive any wage statements during their period of employment with Defendants.

30. Plaintiffs retained the Law Offices of Robert L. Kraselnik, PLLC to represent them and other employees similarly situated in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

31. Plaintiffs reallege and reaver Paragraphs 1 through 30 of this Complaint as if fully set forth herein.

32. At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

33. At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

34. Upon information and belief, at all relevant times, Defendant, I. HARDWARE DISTRIBUTORS, INC. d/b/a NUNEZ HARDWARE, had gross annual revenues in excess of $500,000.

35. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs for their hours worked in excess of forty hours per workweek.

36. Defendants failed to pay Plaintiffs overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

37. Plaintiffs worked hours for which they were not paid the statutory minimum wage.

38. At all relevant times, the Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs for their hours worked.

39. Defendants failed to pay Plaintiffs minimum wages in the lawful amount for their hours worked.

40. Records, if any, concerning the number of hours worked by Plaintiffs and the actual compensation paid to Plaintiffs should be in the possession and custody of the Defendants. Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

41. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs at the statutory rate of time and one-half for his hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

42. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs minimum wages for hours worked when Defendants knew or should have known such was due.

43. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

44. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

45. Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs suffered damages in an amount not presently of ascertainable of unpaid overtime wages and unpaid minimum wages, plus an equal amount as liquidated damages.

46. Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

### VIOLATION OF THE NEW YORK LABOR LAW

47. Plaintiffs reallege and reaver Paragraphs 1 through 46 of this Complaint as if fully set forth herein.

48. At all relevant times, Plaintiffs were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

49. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

50. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs minimum wages in the lawful amount for hours worked.

51. Defendants willfully violated Plaintiffs' rights by failing to pay "spread of hours" premium to Plaintiffs for each workday exceeding ten (10) or more hours.

52. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiffs and other similarly situated employees, in violation of the New York Labor Law.

53. Defendants willfully violated Plaintiffs' rights by failing to provide them proper notices and wage statements in violation of the New York Wage Theft Prevention Act, N.Y. Lab. Law § 198(1-a) (enacted on April 9, 2011).

54. As a result of Defendants' violation of the New York Wage Theft Prevention Act, Plaintiffs are entitled to damages of at least $150 per week during which the violations occurred and/or continue to occur.

55. Defendants willfully violated Plaintiffs' rights by paying them on a salary basis, in violation of the New York Labor Law because Plaintiffs are not non-exempt employees who cannot be paid on a salary basis.

56. Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants his unpaid overtime, unpaid minimum wages, unpaid "spread of hours" premium, statutory penalties, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law §663(1).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs on behalf of themselves and all similarly situated employees, respectfully requests that this Court grant the following relief:

   a.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d. An award of unpaid "spread of hours" premium due under the New York Labor Law;

e. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to the New York Labor Law ;

g. An award of statutory penalties including statutory penalties under the Wage Theft Prevention Act, and prejudgment and postjudgment interest;

h. An award of statutory penalties, and prejudgment and postjudgment interest;

i. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

j. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: April 7, 2014

> Respectfully submitted,
>
> LAW OFFICES OF
> ROBERT L. KRASELNIK, PLLC
> Robert L. Kraselnik (RK 0684)
> 271 Madison Avenue, Suite 1403
> New York, NY 10016
> Tel.: 212-576-1857
> Fax: 212-576-1888
> *Attorney for Plaintiff*
>
> By: _____
> ROBERT KRASELNIK (RK 0684)