UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------

WILFREDO SERRANO and JOSE DIAZ
on behalf of themselves and others similarly
situated,

           **Plaintiffs,**

                                              Case No. 14-cv-2488

           -against-

I. HARDWARE DISTRIBUTORS, INC.
d/b/a NUNEZ HARDWARE, JUVENAL
NUNEZ
and IRMA NUNEZ

           **Defendants.**

----------------------------------------

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12**

LAW OFFICES OF
ROBERT L. KRASELNIK, PLLC
37-53 90th St., Ste 12
New York, NY 11372
Tel.: 646-342-2019
Fax: 646-661-1317
*Attorneys for Plaintiff*

## PRELIMINARY STATEMENT

The Plaintiffs, Wilfredo Serrano and Jose Diaz ("Serrano," "Diaz" or Plaintiffs"), through undersigned counsel, respectfully submit this opposition to the Defendants' motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12.

## DISCUSSION

Defendants contend that the Complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. This argument fails because "[a] complaint should not be dismissed pursuant to Rule 12(b)(6) . . . 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Saca*, 2009 WL 533070 at 3 *quoting Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 332 F.3d 147, 158 (2d Cir. 2003). In determining a Rule 12(b)(6) motion, a court's function is to "merely... assess the legal feasibility of the complaint, not... assay the weight of the evidence which might be offered in support thereof...." *Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities Inc.*, 748 F.2d 774, 779 (2d Cir. 1984). Consequently, this Court "must accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally. *Roth v. Jennings*, 489 F.3d 499, 510 (2d Cir.2007).

Here, Defendants contend that with respect to one of the named Defendants, Irma Nunez, "other than listing her as a defendant, the complaint fails to make any mention of defendant Irma Nunez. Indeed, she is not even listed in the parties section." Defendants'

Memorandum at 2. In fact, Irma Nunez is listed in the Parties section at Page 3, with a detailed explanation of her powers and responsibilities. The problem here is that the scanned version uploaded onto ECF is missing Page 3. However, a simple phone call to Plaintiff's counsel could have remedied this problem. The actual Complaint filed with the Court clerk contains all of the pages. It is obvious that the page numbers on the scanned version skip from 2 to 4, and that the Paragraphs commensurately skip from 9 to 15. Clearly, a page was missing. It is common courtesy and practice to request a missing page when there is a technical scanning error. Instead, defense counsel chose to turn the situation into wasteful motion practice.

If a claim is not stated in the Complaint filed on ECF system, it is due to an obvious technical error that all reasonable attorneys would handle through professional courtesy. Again, the actual complaint in the Court's file has all pages. We have now emailed the full complaint to defense counsel and have refiled it on ECF.

With respect to the Defendants' argument that the overtime allegations are not specific enough, we are willing to amend the Complaint if the Court feels this to be the case. We believe the requisite specificity is there.

With respect to whether all of the subject locations comprise a common enterprise, this is a fact issue not ripe for disposition on a motion to dismiss. These hardware stores are a family-owned, family controlled business. The Complaint states that the Defendants own and operate the hardware stores at issue in this litigation. Again, this allegation is on the page that was not scanned onto the ECF system. A simple phone

3

call to plaintiff's counsel could have remedied this situation and forestalled unnecessary, wasteful litigation.

## CONCLUSION

This case should be about substance -- i.e., how much were the Plaintiffs paid, how many hours did they work, and did they get overtime. After defense counsel reviews the full complaint, we would hope that they withdraw this motion so that we can get on to the substance of the case. If they do not withdraw, then we respectfully request that the Court dismiss this motion in its entirety.

Dated: March 27, 2015

                                               LAW OFFICES OF
                                               ROBERT L. KRASELNIK, PLLC
                                               *Attorneys for Plaintiff*
                                               37-53 90th St., Ste. 12
                                               New York, NY 11372
                                               Tel.: (646) 342-2019
                                               Fax: (646) 661-1317

By: _____
       ROBERT L. KRASELNIK (RK 0684)