IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILFREDO SERRANO and JOSE DIAZ on behalf of themselves and others similarly situated,

    Plaintiffs,

v.

I. HARDWARE DISTRIBUTORS, INC. d/b/a NUNEZ HARDWARE, JUVENAL NUNEZ and IRMA NUNEZ

    Defendants.

No. 14-cv-2488 (PAC)

# REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

## PRELIMINARY STATEMENT

In its initial papers in support of this motion to dismiss, Defendants I. Hardware Distributors, Inc. d/b/a Nunez Hardware, Juvenal Nunez, and Irma Nunez (collectively "Defendants") make three arguments. First, Plaintiffs failed to adequately plead that Defendants were their employers because the Complaint was *completely devoid of any factual content whatsoever* underlying their allegations. (Dfs. Br. at 4-5.) Indeed, the allegations could not even be described as threadbare, boilerplate, or conclusive under *Iqbal* and *Twombly* - they were just non-existent. (Dfs. Br. at 5.) Importantly, Plaintiffs' boilerplate, conclusive allegations did not even rise to the level of being a formulaic recitation of the elements of the particular causes of action as the Complaint was devoid of supporting details and factual content. More specifically, Defendant Ms. Irma Nunez, was not even referenced or discussed in the Complaint at all, much less in the "Parties" section. (Dfs. Br. at 4-5.) Plaintiffs' allegations, based upon information and belief with respect to defendants I. Hardware Distributors, Inc. and Mr. Juvenal Nunez are also completely inadequate because Plaintiffs failed to plead any facts to support a finding that they were "employers" based on the "economic reality" test which would raise their right to relief above a speculative level and nudge their claims across the line from conceivable to plausible

and from conclusory to factual. Importantly, plaintiff Mr. Diaz pled absolutely no connection between himself and I. Hardware Distributors Inc. and therefore lacks standing to sue. (See Dfs. Br. at 7-8.)

Second, Plaintiffs' unpaid overtime and minimum wage claims under the FLSA should similarly be dismissed as the allegations in the Complaint are similarly threadbare, boilerplate, and conclusive. Indeed, Plaintiffs' allegations that they "averaged" and "often" worked overtime unpaid overtime hours each week, resulting in pay below the minimum wage, have regularly been dismissed by courts within the Second Circuit as they fall short of the degree of factual specificity required and supply nothing but low-octane fuel for speculation rather than a plausible claim. Plaintiffs failed to allege sufficient factual matter to state a plausible claim that they worked compensable overtime in a workweek longer than 40 hours and that they worked a work week where their effective hourly rate fell below the minimum wage. Plaintiffs did neither.

Finally, this Court should decline to exercise supplemental jurisdiction over the state law claims as Plaintiffs have failed to allege any claims under the FLSA against Defendants and courts in these circumstances routinely decline to exercise supplemental jurisdiction and dismiss the state law claims.

Plaintiffs' opposition to this motion to dismiss contains three arguments – each of which fails to address Plaintiffs' deficient pleadings despite ample opportunity to do so.[1] Plaintiffs'

---

[1] Specifically, Defendants' motion to dismiss was filed on January 23, 2015 with Plaintiffs' opposition papers due on February 25, 2015. Plaintiffs did not file an opposition to the motion to dismiss. On March 16, 2015, Your Honor's Courtroom Deputy, Mr. Marlon Ovalles, emailed the parties for a status update on the briefing of this motion. Ultimately, deadlines for Plaintiffs' opposition and a reply were reset to March 27, 2015 and April 6, 2015.

Plaintiffs have therefore had over two months to either amend their Complaint or oppose this motion to dismiss. Plaintiffs' chose to oppose this motion. To the extent Plaintiffs now wish to amend the Complaint after opposing this motion to dismiss, this request should be denied as this is not a case where "Plaintiffs learned about the putative employer status of the additional parties through discovery after the expiration of the scheduling order deadline." *Salomon v. Adderley Indus.*, 960 F. Supp. 2d 502, 507 (S.D.N.Y. 2013) (applying Fed. R. Civ. P. 16). Moreover, any information that Plaintiffs seek to add has been within their possession since the initial Complaint was filed.

opposition is largely and inexplicably premised on a "missing page" which was not filed on the ECF system.[2] Contrary to Plaintiffs' position, it is not counsel's job to ensure the completeness of their pleadings and filings. Regardless, even incorporating this "missing page," Plaintiffs still cannot allege employer status, nor can they state plausible overtime and minimum wage claims under the FLSA.

First, Plaintiffs' contention that they have adequately pled employer status under the FLSA is contradicted by case law within the Second Circuit. According to Plaintiffs, this "missing page" provided a "detailed explanation" of the "powers and responsibilities" of each defendant. (Pl. Opp. at 3). This "detailed explanation" amounts to nothing more than a formulaic recitation of the economic reality test, which courts in the Second Circuit have consistently held is insufficient to plead employer status under the FLSA. Plaintiffs have not, nor can they, provide any factual content to support their allegation that defendants are their employer under the FLSA. Second, Plaintiffs posit that to the extent the Court feels that the allegations in the Complaint "are not specific enough," Plaintiffs believe the "requisite specificity" is there and offer to amend the Complaint. (Pl. Opp. at 3.) Plaintiffs have had more than ample time to amend the meager allegations in the Complaint and could have easily done so rather than submit their opposition to this motion to dismiss after a simple reading of Defendants' papers.

Finally, Plaintiffs claim that "whether all of the subject locations comprise a common enterprise…is a fact not ripe for disposition on a motion to dismiss." (Pl. Opp. at 3). However, this argument is nothing but a red herring as it has nothing to do with Defendants' argument. Rather, Defendants' argument was that plaintiff "Mr. Diaz pleads absolutely no connection between himself and I. Hardware Distributors, Inc." (Dfs. Br. at 7). Moreover, "other than a

---

[2] Again, rather than amend the complaint, Plaintiffs emailed Defendants' counsel the complaint with the "missing page" on the same day as Plaintiffs filed their opposition to the motion to dismiss on March 27, 2015.

perfunctory statement suggesting that he may have worked at I. Hardware Distributors, Inc., Plaintiff Serrano does not plead a sufficient factual foundation to establish that he was employed by defendant." (Dfs. Br. at 8).

Given that Plaintiffs have chosen to oppose this motion, rest on their pleadings, and because amending the Complaint would prove futile, Defendants' motion to dismiss should be granted in its entirety.[3]

## I. PLAINTIFFS' THREADBARE, BOILERPLATE, CONCLUSIVE ALLEGATIONS FAIL TO ADEQUATELY PLEAD THAT DEFENDANTS ARE EMPLOYERS UNDER THE FLSA

### A. Plaintiffs' Allegations Are Insufficient to Adequately Plead "Employer" Status Under the FLSA

As a preliminary matter, Second Circuit jurisprudence requires that Plaintiffs must provide sufficient non-conclusory factual content in the complaint beyond a speculative level and, not based "upon information and belief" as Plaintiffs have done throughout the Complaint. (Compl. ¶¶ 8-10) (characterizing each Defendant as "upon information and belief" having the power to fire and hire, determine rate and method of pay, and affecting the quality of employment). Plaintiffs have conceded that the Second Circuit applies a four-factor "economic reality" test to determine whether an employment relationship exists. As discussed more fully below, it is well settled within the Second Circuit, that "mere boilerplate allegations that an individual meets the various prongs of the economic reality test" are insufficient to survive a

---

[3] Indeed, a mere three weeks ago, on a separate case in which Plaintiffs' counsel, Mr. Robert Kraselnik, and Defendants' counsel briefed a motion to dismiss, the Hon. Judge Caproni denied Plaintiffs' request for an opportunity to amend the complaint to add allegations regarding the "employer" status of the Defendants.

Judge Caproni explained that her Individual Practices require a party to choose between responding to a Motion to Dismiss or amending to seek to cure the defects that it identifies; they do not allow parties to do both. *See Ramirez, et. al. v. M.L. Restaurant Corp., et. al.,* 14-cv-4030, Dkt. No. 99 (VEC) (denying plaintiffs' request to amend the complaint and granting defendants' motion to dismiss six of seven defendants due to inadequate pleadings on employer status). In this case, Plaintiffs' request to amend should be denied because they chose to oppose the motion to dismiss, rather than amend the complaint and any information regarding employer status was already in their possession.

motion to dismiss" with respect to pleading "employer" status under the FLSA. *See Gisomme v. Healthex Corp.*, 2014 U.S. Dist. LEXIS 67588, *10-11 (E.D.N.Y. May 15, 2014); *Nakahata v. New York-Presbyterian Healthcare Sys.*, 2012 U.S. Dist. LEXIS 127824, *36-37 (S.D.N.Y. September 6, 2012); *Diaz v. Consortium for Worker Educ., Inc.*, No. 10 Civ. 01848 (LAP), 2010 U.S. Dist. LEXIS 107722, at *4 (S.D.N.Y. Sept. 28, 2010); *Sampson v. MediSys Health Network, Inc.* No. CV 1—1342 (SJF) (ARL), 2012 U.S. Dist. LEXIS 103012, at * (E.D.N.Y. Feb. 9, 2012) *adopted as modified by* 2012 U.S. Dist. LEXIS 103052; *Tracy v. NVR, Inc.*, 667 F. Supp. 2d 244, 247 (W.D.N.Y. 2009). Similarly, the Supreme Court has directed that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause will not do." *Twombly*, 550 U.S. at 550.

Contrary to Plaintiffs' contention, they have failed to adequately plead that Defendants are "employers" under the FLSA as defined within the Second Circuit. A plaintiff's obligation to state a claim requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do when pleading "employer" status under the FLSA. As the Court explained in *N.Y. State Court Clerks Ass'n v. Unified Court Sys. of N.Y.*, Plaintiffs are required to plead sufficient facts to support a finding that the defendant is an "employer" based on the "economic reality" test:

> Mere boilerplate allegations that an individual meets the various prongs of the economic reality test under the FLSA stated solely upon information and belief and without any supporting details – essentially "a formulaic recitation of the elements of a cause of action" – are insufficient to raise plaintiffs' right to relief above a speculative level with respect to that individual's liability as an employer under the FLSA.

25 F. Supp. 3d 459, 471 2014 U.S. Dist. LEXIS 78699 *28 (S.D.N.Y. June 9, 2014); *Tracy v. NRV, Inc.*, 667 F. Supp. 2d 244, 247 (S.D.N.Y. 2009) (quoting *Twombly*, 550 U.S. at 555). Factual allegations must be enough to rise to a right of relief above the speculative level. *Id.*

In *Gisomme v. Healthex Corp.*, plaintiffs alleged that a defendant, was "actively involved in day-to-day operations, exercising significant managerial control over their operations, policies, practices, and procedure," and "had the power to hire and terminate employees, control work schedules and conditions of employment, and set wages." 2014 U.S. Dist. LEXIS 67588, *10-11 (E.D.N.Y. May 15, 2014). In granting defendant's motion to dismiss, the court explained that "plaintiffs' conclusory allegations of defendant's operational involvement and control" and his "alleged general power of various employment decisions [were] not sufficient to establish [defendant's] status as plaintiffs' employer under the FLSA." *Id.* citing *Tracy v. NVR, Inc.*, 667 F. Supp. 2d 244, 247 (W.D.N.Y. 2009) (finding boilerplate allegations that individual meets various prongs of economic reality test without supporting details insufficient to state plausible claim for individual's liability as employer under the FLSA).

In *Nakahata v. New York-Presbyterian Healthcare Sys.*, plaintiffs alleged that six individuals, including six different Presidents and CEOs, had "operational control" over the business and had the authority to make "employment decisions" concerning hirings and firings, and were "involved in the creation and/or maintenance of the illegal policies." 2012 U.S. Dist. LEXIS 127824, *36-37 (S.D.N.Y. September 6, 2012). The court dismissed all claims against each of these six defendants because these allegations were "nothing more than conclusory allegations designed to satisfy the economic reality test." *Id.*

Similarly, in *Sampson* v. *MediSys Health Network, Inc.*, the court recommended dismissal of nearly identical allegations as insufficient to show individual defendants were plaintiffs' employer. No. 10 Civ. 1342 (SJF) (ARL), 2012 U.S. Dist. LEXIS 103012, at *7 (E.D.N.Y. Feb. 9, 2012).

In *Tracy v. NRV, Inc.*, plaintiffs' motion for leave to amend the complaint to join an additional defendant was denied on this very basis. 667 F. Supp. 2d 244 (S.D.N.Y. 2009). In that case, plaintiffs sought to amend the complaint to join as a defendant an individual who upon information and belief had the authority to make decisions concerning human resources, training, payroll, employee hiring and firing, FLSA classification and benefits aspects of the business, and that he provided support or control policies which ultimately impacted day-to-day operations, employees' work schedules and conditions of employment. As the Court explained:

> bare allegations of an individual's control over employee-plaintiffs that are based solely upon the individual's job title and presumed duties are insufficient to establish that the individual is an "employer" under *Herman's* economic reality test...

*Tracy*, 667 F. Supp. at 247 (citing *Bravo v. Eastpoint Int'l*, 2001 U.S. Dist. LEXIS 3647 (S.D.N.Y. 2001). In this case, just as in *Tracy*, Plaintiffs "offer no supporting details to substantiate their belief other than each Defendants' job title, and allege no facts concerning the extent of each individual Defendants' ability to hire and/or fire or ability to set wages and schedules. In view of the "totality of the circumstances," Plaintiffs have not alleged facts to establish that Defendants exercised control over the terms of Plaintiffs employment. *See Diaz*, 2010 U.S. Dist. LEXIS 107722, at *6.

Plaintiffs have not alleged sufficient facts to support their conclusory assertions. "The individual[s] sought to be held liable cannot be just any employee with some supervisory control over other employees and must be instrumental in causing the corporation to violate the FLSA." *Nakahata*, 2012 U.S. Dist. LEXIS 127824 at *37-38 (quoting *Manning v. Boston Med. Ctr. Corp.*, 2012 U.S. Dist. LEXIS 54692, at *2 (D. Mass. Apr. 18, 2012). "Plaintiffs have not alleged facts to plausibly show that the [Defendants] knew of, let alone created or maintained, the purported unlawful policies." *Id.* Plaintiffs have thus failed to show that these individual

defendants qualify as their "employers" and accordingly, all claims against them should be dismissed.

## II. PLAINTIFFS FAIL TO ADEQUATELY PLEAD UNPAID OVERTIME AND MINIMUM WAGE CLAIMS

As explained in Defendants' initial papers, "in order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Lundy*, 711 F.3d at 114. In this case, Plaintiffs' Complaint fails to state a plausible claim that the FLSA was violated with respect to overtime compensation because Plaintiffs have not alleged a single workweek in which they worked at least 40 hours and also worked uncompensated time in excess of 40 hours such that Plaintiffs claims. Plaintiffs allegations fail to "provide some factual context that will nudge his claim from conceivable to plausible." *Dejesus v. HF Mgmt. Services, LLC*, 726 F.3d 85, 86 (2d Cir. 2013) (quoting *Twombly* 550 U.S. at 570).

The Complaint merely alleges that each plaintiff "worked over forty (40) hours per week" and "often worked over ten (10) hours per day." (Compl. ¶ 20, 24). The Complaint also alleges that Mr. Serrano "worked 6 days a week for an average of 62 hours per week" (Compl. ¶ 21) and that Mr. Diaz "worked 6 days a week for an average of 60 hours per week" (Compl. ¶ 25). These allegations are insufficient. *See Bustillos v. Academy Bus LLC*, No. 13 Civ. 565 (AJN), 2014 U.S. Dist. LEXIS 3980, at * 1-2 (S.D.N.Y. Jan. 13, 2014) (dismissing FLSA overtime claim where plaintiff alleged that he "regularly work[ed] from 60 to 90 hours per week"); *Spiteri v. Russo*, No. 12-cv-2780, 2013 U.S. Dist. LEXIS 128379, at *55 (E.D.N.Y. Sep. 7, 2013) (dismissing FLSA overtime claim where plaintiff alleged that he " worked approximately fifty (50) to sixty (60) hours per week").

As the Second Circuit explained in *Lundy*, Plaintiffs' allegations that they "averaged" and "often" worked overtime falls short of the degree of factual specificity required as they "supply nothing but low-octane fuel for speculation, not the plausible claim that is required." *Lundy*, 711 F.3d at 115. In short, this degree of "invited speculation does not amount to a plausible claim under FLSA." *Lundy*, 711 F.3d at 115.

Similarly, the Complaint contains no statement or a single week such that sufficient unpaid hours were worked by Plaintiffs so that their effective hourly wage fell below the minimum wage. The Court can only speculate as to the factual basis of the minimum wage claims, and they should therefore be dismissed.

### III. THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER THE STATE LAW CLAIMS

As detailed above, Plaintiffs have failed to allege any claims against Defendants. Nevertheless, should the Court determine that Plaintiffs have stated a claim under NYLL against any Defendant, this Court should decline to exercise supplemental jurisdiction over that claim.

Subject matter jurisdiction in this matter is premised on federal question jurisdiction over Plaintiffs FLSA claims under 28 U.S.C. § 1331, with supplemental jurisdiction over their state law claims pursuant to 28 U.S.C. § 1367. Compl. ¶ 4. A district court "may decline to exercise supplemental jurisdiction over a claim…if…the district court has dismissed all claims over which it has original jurisdiction." 13 U.S.C. § 1367. The decision to exercise supplemental jurisdiction is within the sound discretion of the district court and involves an assessment, at each stage of the case, of the values of judicial economy, convenience, fairness, and comity. *See Lundy*, 711 F.3d at 117-18. "Once all federal claims have been dismissed, the balance of factors will usually point toward a declination." *Id.* at 118.

The Court should decline to exercise supplemental jurisdiction over Plaintiffs' state law claims because none of the factors listed above counsel in favor of retaining jurisdiction. The litigation is at its earliest stages and the Court and parties have not invested significant resources in litigating or resolving the state law claims. Nor do principles of comity counsel in favor of the Court retaining jurisdiction. Courts in these circumstances have routinely declined to exercise supplemental jurisdiction and dismissed state law claims. *Bustillos v. Academy Bus, LLC*, No. 13-cv-565, at *3 (S.D.N.Y. January 13, 2014) *See, e.g., Dreher v. Doherty*, No. 12-cv-3385, 2013 U.S. App. LEXIS 17464, at *1 n.1 (2d Cir. Aug. 21, 2013) (unpublished) (noting district court's dismissal); *Bilyou v. Dutchess Beer Distribs., Inc.*, 300 F.3d 217, 218 n.1 (2d Cir. 2002) (same); *Cromwell*, No. 12-cv-4251, 2013 U.S. Dist. LEXIS 69414, at *11-13 (declining to exercise supplemental jurisdiction over NYLL claims after determining that FLSA claims were not adequately pleaded); *Yang Li v. Ya Yi Cheng*, No. 10-cv-4664, 2012 U.S. Dist. LEXIS 40241, at *16 (E.D.N.Y. Jan. 9, 2012) (noting that Second Circuit courts routinely decline supplemental jurisdiction in these circumstances).

## CONCLUSION

For the foregoing reasons, the Court should dismiss plaintiffs FLSA and NYLL claims against defendants I. Hardware Distributors, Inc., d/b/a Nunez Hardware, Juvenal Nunez, and Irma Nunez, in their entirety and grant any and all further relief as may be just and proper.

Dated: New York, New York
April 6, 2015

*/s/ Argilio Rodriguez, Esq.*
By: Argilio Rodriguez, Esq.
Rodriguez Law, P.C.
304 Park Avenue South, 11th Floor
New York, New York 10010
(212) 960-3305
argilio@lawrodriguez.com

Law Offices of Martin Restituyo, P.C.
1345 Avenue of the Americas, 2nd Floor
New York, New York 10105
Tel: 212-729-7900
Fax: 212-729-7490
restituyo@restituyolaw.com

*Attorneys for Defendants*