UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
WILFREDO SERRANO and JOSE DIAZ, on    :
behalf of themselves and others similarly situated,   :
                                       :
              Plaintiffs,              :        14-cv-2488 (PAC)

                                       :      **OPINION & ORDER**
          -against-              :
                                       :
I. HARDWARE DISTRIBUTORS, INC.        :
d/b/a NUNEZ HARDWARE, JUVENAL NUNEZ, :
and IRMA NUNEZ,                :
                                       :
              Defendants.           :
------------------------------------------------------------- X
HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiffs Wilfredo Serrano and Jose Diaz bring this action against Defendants I.

Hardware Distributors, Inc. ("I. Hardware"), Juvenal Nunez, and Irma Nunez, alleging violations

of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

Defendants move to dismiss the Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), on the

grounds that Plaintiffs have not adequately alleged that Defendants were their employers, and

that the Complaint lacks specificity regarding Plaintiffs' overtime and minimum wage claims.

Defendants' motion to dismiss is GRANTED.

## BACKGROUND[1]

I. Hardware is a New York corporation that does business as "Nunez Hardware." Compl.

¶ 8. Defendant Irma Nunez is the Chief Executive Officer of I. Hardware, and Defendant

Juvenal Nunez is "a principal" of the company. *Id.* ¶¶ 9-10. Defendants own and operate "at

---

[1] The statements in the Background section are based on the allegations of the Complaint and are assumed to be true.
*See Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d. Cir. 2011).

least four" hardware stores in Manhattan and the Bronx, including locations at 4147 Broadway, 756 West 181st Street, 1267 St. Nicholas Avenue, and 2800 3rd Avenue. *Id.* ¶ 11.

In September 1999, Plaintiff Serrano began working as a "stock person and cashier" at the Nunez Hardware store located at 4147 Broadway. *Id.* ¶ 18. Serrano "also worked at" the West 181st Street and 3rd Avenue locations; the Complaint is not clear on when, and for how long Serrano worked at each store. *Id.* Serrano "worked for Defendants until" July 2013. *Id.* ¶ 19. He alleges that he "worked 6 days a week" for "an average of 62 hours per week," and that "he often worked over ten . . . hours per day." *Id.* ¶¶ 20-21. Serrano claims that he was paid a "fixed weekly salary of $290." *Id.* ¶ 21.

From 2005 until January 2014, Plaintiff Diaz worked as a "stock person and cashier" at the Nunez Hardware store located at 1267 Nicholas Avenue. *Id.* ¶¶ 22-23. Diaz "often worked over ten . . . hours per day," and "worked 6 days a week . . . for an average of 60 hours per week." *Id.* ¶¶ 24-25. At the start of Diaz's employment, he received a "fixed weekly salary of $350," which "gradually increased" to $450 per week. *Id.*

Plaintiffs allege FLSA and NYLL overtime and minimum wage violations, as well as NYLL "spread of hours" and wage statement violations.

## LEGAL STANDARDS

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a plaintiff must allege "sufficient factual matter," which, accepted as true, states a cognizable claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is "plausible" if it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Factual allegations in the complaint must be sufficient to "raise a right to relief above the

speculative level." *Twombly*, 550 U.S. at 555.

In evaluating motions to dismiss, the court "assess[es] the legal feasibility of the complaint," but does not "assay the weight of the evidence which might be offered in support thereof." *Lopez v. Jet Blue Airways*, 662 F.3d 593, 596 (2d Cir. 2011) (citation omitted).

## I.   Allegations Concerning Employer Status

"Only an employer can be liable under the FLSA." *N.Y. State Court Clerks Ass'n. v. Unified Court Sys. of N.Y.*, 25 F. Supp. 3d 459, 471 (S.D.N.Y. 2014). To determine whether a defendant is a plaintiff's employer, courts "consider the 'economic reality' of the relationship." *Id.* Relevant factors include "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *See Barfield v. N.Y. City Health & Hosps. Corp.*, 537 F.3d 132, 142 (2d Cir. 2008) (citation omitted). These factors are not exclusive, nor is any one factor determinative; rather, courts look to the totality of the circumstances. *Id.* at 142-43.

A plaintiff must plead specific facts to support a finding that a defendant is an "employer." "[M]ere boilerplate allegations that an individual meets the various prongs of the economic reality test . . . without any supporting details" are insufficient, because such allegations fail to raise the plaintiffs' right to relief "above a speculative level." *N.Y. State Court Clerks Ass'n*, 25 F. Supp. 3d at 471 (citation omitted); *see Bravo v. Established Burger One LLC*, 2013 WL 5549495, at *7 (S.D.N.Y. Oct. 8, 2013) (dismissing claims that alleged "no specific facts" regarding defendants' employer status, "aside from the elements of the 'economic reality test'"); *Peng Bai v. Fu Xing Zhuo*, 2014 WL 2645119, at *4 (E.D.N.Y. June 13, 2014) (holding that "allegations that [defendant] had the power to hire, fire, set wages, set work

conditions, and maintain employment records" were "conclusory and inadequate to establish that [defendant] was an employer").

## II.    Allegations of Overtime Claims

Under the FLSA, an employee who works "in excess of" forty hours in a single work week is entitled to be paid for those excess hours at "a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). To plead an FLSA overtime violation, "a plaintiff must sufficiently allege 40 hours of work in a given workweek," as well as "some uncompensated time in excess of the 40 hours." *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013); *see Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013) (complaint must include "sufficient detail about the length and frequency" of plaintiff's unpaid work to "support a reasonable inference that [plaintiff] worked more than forty hours in a given week").

Allegations that a plaintiff "regularly worked" more than forty hours per week are insufficient to "nudge" a plaintiff's claims "from conceivable to plausible." *See Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 89-90 (2d Cir. 2013) (quoting *Twombly*, 550 U.S. at 570); *Nahakata*, 723 F.3d at 199. Such allegations merely "boil[] down to a conclusory assertion, without any supporting factual context, that the defendants violated the FLSA overtime provision because the plaintiff worked some number of excess hours in some unidentified week." *See Bustillos v. Academy Bus, LLC*, 2014 WL 116012, at *3 (S.D.N.Y. Jan. 13, 2014) (allegation that plaintiff's "schedule 'varied' and he 'would regularly work from 60 to 90 hours per week'" insufficient to withstand motion to dismiss); *Gisomme v. HealthEx Corp.*, 2014 WL 2041824, at *2 (E.D.N.Y. May 15, 2014) (plaintiff's "allegation of an 'average' of 50 hours or more" per week insufficient to "state a claim for failure to pay overtime compensation in a given

4

workweek") (citation omitted).

### III.    Minimum Wage Claims

The FLSA requires employers to pay employees a minimum wage, currently set at $7.25 per hour. 29 U.S.C. § 206(a). "To state an FLSA minimum wage claim, it is sufficient for a plaintiff to allege facts about her salary and working hours, such that a simple arithmetical calculation can be used to determine the amount owed per pay period." *Tackie v. Keff Enters. LLC*, 2014 WL 4626229, at *3 (S.D.N.Y. Sept. 16, 2014).

### <u>DISCUSSION</u>

### I.    Employer Status of Juvenal Nunez and Irma Nunez

Plaintiffs' allegations that Defendants Juvenal and Irma Nunez are their "employers" under the FLSA are insufficient. Plaintiffs allege that Juvenal Nunez is a principal of I. Hardware and that Irma Nunez is its CEO; however, "[f]or an individual to be an employer, . . . there must be more than just evidence that the individual is an owner or officer of a company." *Salomon v. Adderly Indus., Inc.*, 960 F. Supp. 2d 502, 509 (S.D.N.Y. 2013) (citations omitted). Rather, the "individual defendant must possess control over a company's actual operations in a manner that relates to a plaintiff's employment." *Id.* (citations omitted).

Though Plaintiffs allege that the Defendants "exercised control over the terms and conditions of Plaintiffs' employment," the Complaint offers no factual support for this assertion. Compl. ¶¶ 9-10. Instead, the Complaint conclusorily alleges that Defendants Juvenal and Irma Nunez "had the power to (i) fire and hire, (ii) determine the rate and method of pay and (iii) otherwise affect the quality of employment." *Id.* Such "boilerplate allegations" that the Defendants meet the economic reality test fail to raise Plaintiffs' right to relief "above a

speculative level." *See N.Y. State Court Clerks Ass'n*, 25 F. Supp. 3d at 471 (S.D.N.Y. 2014).[2]

## II.    Plaintiffs' Overtime and Minimum Wage FLSA Claims

Plaintiffs' allegations regarding their FLSA overtime claims are insufficient to state a claim. Plaintiffs Serrano and Diaz claim to have worked "an average" of 62 and 60 hours per week, respectively; however, they do not allege that they worked more than 40 hours in a "given" work week. *See* Compl. ¶¶ 21, 25; *Lundy*, 711 F.3d at 114-15. Plaintiffs' allegations regarding the "average" number of weeks they worked—over a period of years—constitute "conclusory assertion[s], without any supporting factual context," that they "worked some number of excess hours in some unidentified week." *See Bustillos*, 2014 WL 116012, at *3. Similarly, allegations that Plaintiffs "often" worked over ten hours per day fail to "nudge" their claims "from conceivable to plausible." *See Dejesus*, 726 F.3d at 90.

Plaintiffs' minimum wage claims are also deficient. Plaintiff Serrano alleges that he worked an average of 62 hours per week over period of 14 years; Plaintiff Diaz asserts that he worked an average of 60 hours per week during his 9-year employment. Compl. ¶¶ 18-19; 22-23. Without additional factual allegations regarding the number of hours Plaintiffs actually worked per week, this Court lacks sufficient "facts about [Plaintiffs'] . . . working hours, such that a simple arithmetical calculation can be used to determine the amount owed per pay period." *See Tackie*, 2014 WL 4626229, at *3. Accordingly, Plaintiffs' FLSA overtime and minimum wage claims are dismissed.

## NYLL CLAIMS

Because the FLSA claims have been dismissed, this Court declines to exercise

---

[2] Though Plaintiffs allege that they were "hired by Defendants," Compl. ¶¶ 18, 22, the Complaint does not indicate which "Defendant" actually hired each Plaintiff.

supplemental jurisdiction over the NYLL claims.  *See* 28 U.S.C. § 1367(c).

## LEAVE TO AMEND

Leave to file an amended complaint should be given "freely . . . when justice so requires."  Fed. R. Civ. P. 15(a).  Leave to amend should not be denied without "good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party."  *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).  Finding none, the Court will permit Plaintiffs to amend their Complaint to include additional factual allegations.[3]

## CONCLUSION

Defendants' motion to dismiss is GRANTED.  The Court grants leave to amend the Complaint within thirty (30) days of this Order.

Dated: New York, New York                SO ORDERED
     July 27, 2015

_____
PAUL A. CROTTY
United States District Judge

---

[3] Plaintiffs state in their Opposition to the Motion to Dismiss that they are "willing to amend the Complaint."  Opp. Mtn. at 3.