UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

WILFREDO SERRANO and JOSE DIAZ, on
behalf of themselves and others similarly
situated,

                *Plaintiffs,*

  -against-

I. HARDWARE DISTRIBUTORS, INC. d/b/a
NUNEZ HARDWARE, JUVENAL NUNEZ,
and IRMA NUNEZ,

                *Defendants.*

------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-7-16

14 Civ. 2488 (PAC)

**OPINION & ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

    Plaintiffs Wilfredo Serrano and Jose Diaz claim that Defendants I. Hardware Distributors, Inc. ("I. Hardware"), Juvenal Nunez, and Irma Nunez violated the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") by failing to pay Plaintiffs statutorily required minimum wage and overtime.

    On July 27, 2015, the Court granted Defendants' motion to dismiss, holding that the Complaint failed to adequately plead that Juvenal Nunez or Irma Nunez acted as Plaintiffs' "employer" and that there were FLSA overtime and minimum wage violations, and declining to exercise supplemental jurisdiction over the NYLL claims. *Serrano v. I. Hardware Distrib., Inc.*, 2015 WL 4528170 (S.D.N.Y. July 27, 2015). The Court granted leave to amend.

    Plaintiffs filed an Amended Complaint and Defendants again move to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), arguing in essence that Plaintiffs failed to cure the defects that warranted dismissal of the initial Complaint. The Court holds: (i) the Amended Complaint

adequately pleads that Juvenal Nunez, but not Irma Nunez, acted as Plaintiffs' statutory employer; (ii) the Amended Complaint adequately pleads FLSA overtime and minimum wage violations; and (iii) the Court retains supplemental jurisdiction over the remaining NYLL claims.

## BACKGROUND

The Court assumes familiarity with the factual allegations, as described in its July 27, 2015 Order and Opinion. *See Serrano*, 2015 WL 4528170, at *1. Below is a brief repetition, with emphasis on facts newly alleged in the Amended Complaint.

I. Hardware is a New York corporation that owns and operates Nunez Hardware stores. Am. Compl. ¶¶ 8, 12. Serrano worked as a stock person and cashier at the store located at 4147 Broadway in Manhattan from September 1999 to July 2013.[1] *Id.* ¶¶ 19, 20. He worked 51 hours per week: Monday to Thursday from 9 a.m. to 8 p.m. and Sunday from 10 a.m. to 5 p.m. *Id.* ¶ 22. Serrano initially received a fixed weekly pay of $250. *Id.* His weekly pay was raised to $275 in 2000 and $560 in 2012. *Id.*

Diaz worked as a stock person and cashier at stores located at 1267 St. Nicholas Avenue and 756 West 181st Street, both in Manhattan, from 2005 to 2014. *Id.* ¶¶ 23, 24. From April 2005 to October 2005, he worked 46 hours per week: Monday through Friday from 12 p.m. to 7 p.m. and Saturday from 8 a.m. to 7 p.m. *Id.* ¶ 26. From November 2005 to 2014, he worked 66 hours per week: Monday through Saturday from 8 a.m. to 7 p.m. *Id.* Diaz's initial weekly salary was $250; it was raised in $275 in 2000 and $450 in 2012. *Id.*

Plaintiffs allege that Juvenal and Irma's sons, Harvey, Edward and Irning, managed the Nunez Hardware stores where Plaintiffs worked. *Id.* ¶ 11. Serrano was paid in cash by either Harvey or Edward; Diaz was paid in cash by Irning. *Id.* ¶¶ 22, 26. The sons are not named

---

[1] Serrano also worked at the store at 2800 Third Avenue in the Bronx for two weeks in 2013.

defendants; instead Plaintiffs sue the parents, Juvenal and Irma Nunez. Juvenal Nunez was allegedly "in constant contact with Harvey, Edward, and Irning to ensure that the hardware stores are operating in accordance with their standards and policies." *Id.* Further, he "control[led] the entire operation, including purchasing inventory, negotiating prices with vendors, setting schedules, determining pay, ensuring customer satisfaction and making sure the company bills are paid." *Id.* As such, he "had the power to (i) fire and hire, (ii) determine rate and method of pay and (iii) otherwise affect the quality of employment." *Id.* ¶ 9. Irma Nunez was I. Hardware's "Chairman or Chief Executive Officer." *Id.* ¶ 10. She "frequently functioned as manager" and took over responsibilities from Juvenal when he was away. *Id.* ¶¶ 10, 11.

## DISCUSSION

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must have sufficient "factual plausibility" to allow the court "to draw the reasonable inference that the defendant is liable." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff's factual allegations must "raise a right to relief above the speculative level" and cross "the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

### I.   "Employer" Status of Juvenal and Irma Nunez

"To be liable under the FLSA and NYLL, a person must be an 'employer.'" *Bravo v. Established Burger One LLC*, No. 12 cv 9044 (CM), 2013 WL 5549495, at *5 (S.D.N.Y. Oct. 8, 2013). "Employer" is somewhat elliptically defined in the FLSA as "any person acting directly or indirectly in the interest of an employer in relation to an employee," 29 U.S.C. § 203(d), and in the NYLL as "any individual . . . acting as employer," N.Y.L.L. § 651(5). To determine whether an individual is an "employer" under both statutes, courts in this circuit consider the "economic reality" of the employer-employee relationship. *Bravo*, 2013 WL 5549495, at *6.

3

Relevant factors include "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.*

The Court granted the initial motion to dismiss because Plaintiffs pleaded only a conclusory allegation that the Nunezes "exercised control over the terms and conditions of Plaintiffs' employment," along with "boilerplate allegations" reciting the factors in the economic reality test. *Serrano*, 2015 WL 4528170, at *3. The Amended Complaint newly alleges that, although the Nunez sons managed the stores directly, Juvenal Nunez was in "constant contact" with them and "control[led] the entire operation," including (as relevant to the employer determination) by "setting schedules" and "determining pay." Am. Compl. ¶ 11. Irma Nunez, in turn, took over managerial responsibilities when Juvenal was away. *Id.*

The new allegations against Juvenal Nunez are sufficient to plead his "employer" status. The allegations that Juvenal set work schedules and determined pay for employees including Plaintiffs, if proven, could be enough to hold him liable under the FLSA and NYLL. *See Leal v. Masonry Serv., Inc.*, No. 12 cv 588 (DLI) (VVP), 2013 WL 550668, at *3 (E.D.N.Y. Feb. 12, 2013) (denying motion to dismiss where complaint alleges that defendant "had the power to hire and terminate employees, control work schedules and conditions of employment, and set wages"). But the vague allegation that Irma Nunez at times took over responsibilities from Juvenal is not enough to state a claim against her. The boilerplate allegations that Irma had control over Plaintiffs' work conditions or that she set their work schedules and compensation are plainly insufficient.

The motion to dismiss the FLSA and NYLL claims is DENIED as to Juvenal Nunez and

4

GRANTED as to Irma Nunez.

## II.  FLSA Overtime and Minimum Wage Claims

Under the FLSA, an employee who works over forty hours in a single work week is entitled to be paid for those excess hours at "a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). To plead an FLSA overtime violation, "a plaintiff must sufficiently allege 40 hours of work in a given workweek," as well as "some uncompensated time in excess of the 40 hours." *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013). The FLSA also requires employers to pay employees a minimum wage, currently set at $7.25 per hour. 29 U.S.C. § 206(a). "To state an FLSA minimum wage claim, it is sufficient for a plaintiff to allege facts about her salary and working hours, such that a simple arithmetical calculation can be used to determine the amount owed per pay period." *Tackie v. Keff Enters. LLC*, No. 14 cv 2074 (JPO), 2014 WL 4626229, at *3 (S.D.N.Y. Sept. 16, 2014).

The Court dismissed the initial overtime claims because Plaintiffs merely alleged an average number of hours they worked per week; they did not allege that they worked more than forty hours in any particular work week. *Serrano*, 2015 WL 4528170, at *4. The initial minimum wage claims were similarly deficient because there were no allegations regarding the number of hours actually worked per week. *Id.* The Amended Complaint cures both defects by alleging the specific hours that Plaintiffs worked each week. Am. Compl. ¶¶ 22, 26. Since Plaintiffs allegedly worked over forty hours per week without overtime pay and at a rate beneath minimum wage, the motion to dismiss the FLSA overtime and minimum wage claims is DENIED.

### III. NYLL Claims

Since the Court denies the motion to dismiss some FLSA claims, it retains supplemental jurisdiction, pursuant to 28 U.S.C. § 1331, over the remaining NYLL claims.

### CONCLUSION

The Court DENIES the motion to dismiss FLSA and NYLL claims against Juvenal Nunez; and GRANTS the motion to dismiss FLSA and NYLL claims against Irma Nunez. The Court DENIES the motion to dismiss FLSA overtime and minimum wage claims as inadequately pleaded, and retains supplemental jurisdiction over the remaining NYLL claims.

The Clerk is directed to terminate the motion at Docket 21.

Dated: New York, New York  
April 7, 2016

SO ORDERED

_____  
PAUL A. CROTTY  
United States District Judge