# RODRIGUEZ LAW, P.C.

304 PARK AVENUE SOUTH | 11ᵀᴴ FLOOR | NEW YORK, NEW YORK 10010

TELEPHONE (212) 960-3305 | FAX (917) 210-2934
INFO@LAWRODRIGUEZ.COM | WWW.LAWRODRIGUEZ.COM

ARGILIO RODRIGUEZ, ESQ.
ARGILIO@LAWRODRIGUEZ.COM

May 6, 2016

<u>Via ECF</u>

Hon. Paul A. Crotty
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Courtroom 14C
New York, NY 10007-1312

      Re:   *Serrano, et. al. v. I. Hardware Distributors, Inc., et. al.*
              14-cv-2488 (PAC)

Your Honor,

     We represent Defendants I. Hardware Distributors, Inc. d/b/a Nunez Hardware and Juvenal Nunez (collectively referred to as "Defendants") in the above–referenced matter. Pursuant to Your Honor's Individual Rules of Practice we write to request a pre-motion conference as it is our intention to file a motion to certify an appeal pursuant to 28 U.S.C. § 1292(b) with respect to this Court's April 7ᵗʰ, 2016 Order denying in part Defendants' motion to dismiss the First Amended Complaint ("FAC") on the grounds that Plaintiffs failed to adequately plead: (1) that Juvenal Nunez was Plaintiffs' "employer" under the Fair Labor Standards Act, and (2) that there were FLSA overtime and minimum wage violations. In addition to certifying these issues for appeal, Defendants would further request a stay on discovery and further proceedings in this matter pending the outcome on appeal.

     As Your Honor is aware, on July 27ᵗʰ, 2016, the Court granted Defendants' motion to dismiss, holding that the Complaint failed to adequately plead Juvenal Nunez or Irma Nunez acted as Plaintiffs' "employer" and that there were FLSA overtime and minimum wage violations, and declining to exercise supplemental jurisdiction over the NYLL claims. *Serrano v. I Hardware Distrib., Inc.*, 2015 WL 4528170 (S.D.N.Y. July 27, 2015). The Court granted Plaintiffs leave to amend and they filed their First Amended Complaint (the "FAC").

     On November 4, 2015, Defendants again to dismiss the FAC, arguing that Plaintiffs failed to cure the defects that warranted dismissal of the initial Complaint. In an Order dated April 7ᵗʰ, 2016, Your Honor granted Defendants' motion to dismiss with respect to Defendant Irma Nunez, but denied the motion to dismiss with respect to Defendant Juvenal Nunez.

      The Court reasoned that the FAC's allegations that "Juvenal Nunez was in constant contact with [his sons] and controlled the entire operation, including by setting schedules and determining pay" was sufficient to plead employer status. Defendants respectfully disagree, and suggest that there is extensive case law emphasizing that this exact language amounts to nothing more than a formulaic recitation of the economic realities test, and is insufficient to plead employer status under the FLSA, as discussed more fully below.

      Section 1292(b) authorizes a district court to certify an interlocutory order for appeal if it meets the following requirements: (1) the order "involves a controlling question of law"; (2) "as to which there is substantial ground for difference of opinion"; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). For the reasons summarized below, and which can be more extensively discussed during briefing of the issue, Defendants respectfully request that this Court certify these issues for appeal and stay discovery and further proceedings in this matter pending the outcome on appeal.

      With respect to the first prong of Section 1292(b), each of the issues for which interlocutory appeal is sought is a controlling question of law. A question of law is controlling if "(1) reversal of the district court's opinion could result in dismissal of the action, (2) reversal of the district court's opinion, even though not resulting in dismissal, could significantly affect the conduct of the action, or (3) the certified issue has precedential value for a large number of cases." *In re Lloyd's Am. Trust Fund Litig.*, No. 96 CIV. 1262 (RWS), 1997 WL 458739, at *4 (S.D.N.Y. Aug. 12, 1997) (Sweet, J.); see also In re Duplan Corp., 591 F.2d 139, 148 n.11 (2d Cir. 1978) ("[A] . . . determination that may importantly affect the conduct of an action" may be a "controlling question of law."). Certification is especially appropriate where the order involves a "purely legal question about which there are no triable issues of fact." *In re Air Crash*, 27 F. Supp. 2d at 435.

      In this case, there can no dispute that Defendants' two questions – (1) whether Plaintiffs adequately plead that Juvenal Nunez was an "employer" under the FLSA and (2) whether FLSA overtime and minimum wage violations were adequately plead – raise controlling issues of law. Indeed, if the Court of Appeals were to resolve these purely legal issues in Defendants' favor, Plaintiffs' claims should be dismissed in their entirety, as this Court already held with respect to Plaintiffs' initial Complaint.

      As to the second prong of Section 1292(b), there are substantial grounds for difference of opinion concerning whether Plaintiffs adequately plead the "employer" status of Juvenal Nunez. Indeed the only difference between the original complaint and the FAC is Plaintiffs' allegation that that "upon information and belief" Defendant Mr. Nunez, through is three sons, "controls the entire operation, including purchasing inventory, negotiating prices with vendors, setting schedules, determining pay, ensuring customer satisfaction and making sure the company bills are paid."  Based on this factually unsupported and once removed formulaic recitation of the economic realities test, on April 7, 2016, the Court denied the motion to dismiss suggesting that Plaintiffs' had adequately plead employer status.

This decision appears to be somewhat at odds with the prevailing law in this Circuit. Moreover, it appears to even be at odds with the Court's July 27, 2015, Order, where the Court granted Defendants' motion to dismiss noting that "[t]hough Plaintiffs allege that the Defendants 'exercised control over the terms and conditions of employment,' the Complaint offers no factual support for this assertion."

It is well settled within the Second Circuit, that "mere boilerplate allegations that an individual meets the various prongs of the economic reality test" are insufficient to survive a motion to dismiss" with respect to pleading "employer" status under the FLSA. *See Gisomme v. Healthex Corp.*, 2014 U.S. Dist. LEXIS 67588, *10-11 (E.D.N.Y. May 15, 2014); *Nakahata v. New York-Presbyterian Healthcare Sys.*, 2012 U.S. Dist. LEXIS 127824, *36-37 (S.D.N.Y. September 6, 2012); *Diaz v. Consortium for Worker Educ., Inc.*, No. 10 Civ. 01848 (LAP), 2010 U.S. Dist. LEXIS 107722, at *4 (S.D.N.Y. Sept. 28, 2010); *Sampson v. MediSys Health Network, Inc*. No. CV 1—1342 (SJF) (ARL), 2012 U.S. Dist. LEXIS 103012, at * (E.D.N.Y. Feb. 9, 2012) *adopted as modified by* 2012 U.S. Dist. LEXIS 103052; *Tracy v. NVR, Inc.*, 667 F. Supp. 2d 244, 247 (W.D.N.Y. 2009).

There are also substantial grounds for difference of opinion regarding whether Plaintiffs adequately plead FLSA overtime and minimum wage violations. The Amended Complaint merely alleges that Mr. Serrano "worked 6 days a week for an average of 51 hours per week" (AC ¶ 22) and that Mr. Diaz "worked 6 days a week for an average of 66 hours per week" (AC ¶ 26), with a weekly schedule.  These allegations are insufficient. *See Bustillos v. Academy Bus LLC*, No. 13 Civ. 565 (AJN), 2014 U.S. Dist. LEXIS 3980, at * 1-2 (S.D.N.Y. Jan. 13, 2014) (dismissing FLSA overtime claim where plaintiff alleged that he "regularly work[ed] from 60 to 90 hours per week"); *Spiteri v. Russo*, No. 12-cv-2780, 2013 U.S. Dist. LEXIS 128379, at *55 (E.D.N.Y. Sep. 7, 2013) (dismissing FLSA overtime claim where plaintiff alleged that he "worked approximately fifty (50) to sixty (60) hours per week").

Similarly, the FAC contains no statement or a single week such that sufficient unpaid hours were worked by Plaintiffs so that their effective hourly wage fell below the minimum wage.  The Court can only speculate as to the factual basis of the minimum wage claims, and they should therefore be dismissed.

With respect to the third prong of Section 1292(b), appellate review of both of these threshold pleading issues will indisputably materially advance the termination of this litigation – which represents extensive litigation that will otherwise consume large legal and professional fees and expenses that will be paid solely by Defendants. A court may find material advancement "'if that appeal promises to advance the time for trial or shorten the time required for trial.'" *See In re Fosamax*, 2011 WL 2566074, at *5 (citations omitted). Where "substantial resources may be expended in vain both by the parties and [the] Court if [the Court's] initial conclusion proves incorrect," *In re Dynex Capital, Inc. Sec. Litig*., No. 05 Civ. 1897 (HB), 2006 WL 1517580, at *3 (S.D.N.Y. June 2, 2006) (Baer, J.), "early appellate review 'might avoid protracted and expensive litigation,'" *In re Lloyd's Am. Trust Fund Litig.,* No. 96. Civ. 1262, 1997 WL 458739, at *3 (S.D.N.Y. Aug. 12, 1997) (citation omitted). Thus, the material advancement prong of Section 1292(b) involves questions of efficiency. *Rosa v. Senkowski*, No. 97 Civ. 2468 (RWS),

1997 WL 724559, at *3 (S.D.N.Y. Nov. 19, 1997) (Sweet, J.) ("The institutional efficiency of the federal court system is among the chief concerns motivating Section 1292(b).")

      Here, in this case, an appellate determination of these issues would have an immediate and significant impact on this litigation. First, as discussed above, if the Court of Appeals were to disagree with this Court's holdings, Plaintiff's claims would be dismissed in their entirety. Thus, under such circumstances, an immediate appeal would "materially advance" this case in the most direct way possible – by ending the case entirely. *See Consub Delaware LLC v. Schahin Engenharia Limitada*, 476 F. Supp. 2d 305, 313-14 (S.D.N.Y. 2007) (Scheindlin, J.) ("[A]n immediate appeal here would advance the ultimate termination of the litigation because if [defendant] prevails on appeal, …[it] will result in the termination of this litigation."). As noted above, appellate review would likely have a similar – and equally dispositive impact.

      The parties thank the Court for its attention to this matter.

      Very truly yours,

      *Argilio Rodriguez*
      Argilio Rodriguez, Esq.

      Attorney for Defendants