UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

WILFREDO SERRANO and JOSE DIAZ, on
behalf of themselves and others similarly
situated,

          *Plaintiffs*,

  -against-

I. HARDWARE DISTRIBUTORS, INC. et al.,

          *Defendants*.

------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-11-16

14 Civ. 2488 (PAC)

**OPINION & ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

    On May 6, 2016, Defendants wrote to the Court seeking a pre-motion conference to permit them to move for certification of an interlocutory appeal, pursuant to 28 U.S.C. § 1292(b), of the portions of the Court's April 7, 2016 Opinion & Order denying Defendant's motion to dismiss the amended complaint on grounds that Plaintiffs did not adequately allege that (i) Juvenal Nunez was Plaintiffs' "employer"; and (ii) Defendants committed FLSA wage and overtime violations. Having reading Defendants' letter and Plaintiffs' May 9, 2016 reply, the Court will consider the motion as being made; and DENIES the motion.

    28 U.S.C. § 1292(b) permits a district court to certify an interlocutory order for appeal if it believes such appeal "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Id.* "The determination of whether § 1292(b) certification is appropriate under these standards lies within the discretion of the district court." *Martens v. Smith Barney, Inc.*, 238 F. Supp. 596, 599 (S.D.N.Y. 2002).

1

"Interlocutory appeals under Section 1292(b) are an exception to the general policy against piecemeal appellate review embodied in the final judgment rule, and only 'exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of final judgment.'" *Id.* (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463 (1978)). "[T]he Court of Appeals has repeatedly emphasized that a district court is to exercise great care in making a § 1292(b) certification. . . . Section 1292(b) was not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation." *Id.* at 600 (internal quotation marks omitted).

The Court's April 7 Order denied a motion to dismiss typical FLSA minimum wage and overtime claims. This case does not present the "exceptional circumstances" that would warrant certification for interlocutory review. The § 1292(b) motion is DENIED.

## CONCLUSION

Defendants' § 1292(b) motion is DENIED. The motion to stay discovery is DENIED. Defendants are directed to answer the amended complaint; and the parties should meet and confer and file a joint civil case management plan no later than 14 days after filing of the answer.

Dated: New York, New York  
May 11, 2016

SO ORDERED

*Paul A. Crotty*  
PAUL A. CROTTY  
United States District Judge